IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONI DANIEL and <br> LARRY DANIEL, <br>     Plaintiffs, <br> vs. <br> CHRISTIAN CARE MINISTRY, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 3:21-cv-484-DWD <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Defendant Christian Care Ministry, Inc.'s ("CCM") motion to dismiss Plaintiffs Joni and Larry Daniel's complaint, compel arbitration, and award attorneys' fees to CCM. (Doc. 9) The motion is fully briefed and ripe for decision. (Docs. 10, 18 & 20) For the following reasons, the motion is due to be granted in part and denied in part.[1]

**I. FACTUAL BACKGROUND**

CCM administers a healthcare sharing ministry program called "Medi-Share." The Daniels paid a premium to be members of Medi-Share, which operated according to the Medi-Share Program Guidelines. (Doc. 1-1 at 6–48) Under the Guidelines, "the Members of Medi-Share contribute toward the Eligible Medical Bills of other Medi-Share Members, and are notified as to which Members their share dollars are helping. Eligible Medical

---

[1] CCM has also filed a motion for leave to file a substitute exhibit. (Doc. 22) The Daniels oppose the motion. (Doc. 23) Because the Court does not rely on this exhibit in deciding the underlying motion (Doc. 9) in CCM's favor, the motion for leave to file a substitute exhibit is moot.

Bills are paid with the funds of Members who faithfully share."[2] (Doc. 1-1 at 11) Section XIII.B. of the Guidelines provides that a member may appeal a bill-sharing decision if he or she believes "the Guidelines were misapplied." (Doc. 1-1 at 44) CCM will then review the bill-sharing decision. If the member disagrees with CCM's decision on review, the member may "request a review by a Seven Member Appeal Panel," which will decide the issue by majority vote. (Doc. 1-1 at 44) The Guidelines also provide that

> any claim or dispute arising out of, or related to, this agreement or any aspect thereof . . . that may remain after a Member has exhausted his appeals provided for in Section XIII.B., including a determination whether this arbitration provision is valid, shall be settled by biblically-based mediation. . . . If resolution of the dispute and reconciliation do not result from mediation, the matter shall then be submitted to an independent and objective arbitrator for binding arbitration. . . . The parties agree that these methods of dispute resolution shall be the sole remedy for any controversy or claim arising out of this agreement, and they expressly waive their right to file a lawsuit against one another in any civil court for such disputes, except to enforce a legally binding arbitration decision.

(Doc. 1-1 at 44)

The Daniels were involved in a car accident in November 2018, and both of them were injured. They submitted their medical bills to Medi-Share for sharing in accordance with the Guidelines. However, CCM denied all of the medical bills submitted by the Daniels for sharing. In March 2021, the Daniels filed a complaint in Illinois state court claiming that CCM breached the terms of the Guidelines when it denied their bills. CCM

---

[2] CCM argues that the 2019 version of the Guidelines attached to the Daniels' complaint may not the applicable version. Rather, CCM argues that the 2017 version, which was applicable when the Daniels joined Medi-Share, or the 2018 version, which was applicable at the time of the Daniels' car accident, may be applicable to this dispute instead. After comparing all three versions of the Guidelines, the Court finds that the relevant provisions appear to be identical.

removed the case to this Court in May 2021.

## II. DISCUSSION

CCM's motion seeks to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), (2), (3) & (6) and compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. However, CCM's arguments for dismissal under Rule 12(b) primarily depend on the parties' arbitration agreement, so the Court will analyze the entire motion as one to compel arbitration under the FAA. *See Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887, 890 (7th Cir. 2020) (reviewing a motion brought under Rule 12(b)(1), Rule 12(b)(3), and § 4 of the FAA as a motion to compel arbitration because "it is the substance of a motion that counts, not its label"). "Under the Federal Arbitration Act, arbitration may be compelled if the following three elements are shown: a written agreement to arbitrate, a dispute within the scope of the arbitration agreement, and a refusal to arbitrate." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). The court should decide a motion to compel arbitration under the summary judgment standard, making all reasonable inferences in favor of the nonmovant. *Tinker v. Pinkerton Security*, 305 F.3d 728, 735 (7th Cir. 2002). To obtain a trial on the issue of arbitration, the nonmovant must demonstrate a triable issue of fact concerning the existence of the agreement. *Id.* If the court compels arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

The Daniels argue that a condition precedent to mediation and arbitration has not yet been satisfied. The Guidelines contemplate that a disputed claim will first make its

3

way through CCM's appeals process before proceeding to mediation and arbitration. The Daniels argue that they have been unable to complete the appeals process due to CCM's unresponsiveness. The Daniels also argue that CCM has waived its contractual right to mediation and arbitration by failing to exercise diligence in the Daniels' appeals process. Issues of procedural arbitrability—for example, whether conditions precedent to arbitration have been fulfilled—are presumptively for the arbitrator, not the Court, to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84–85 (2002). The same presumption applies to "allegation[s] of waiver, delay, or a like defense to arbitrability." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983)). This presumption is only strengthened by the provision in the arbitration agreement indicating that the validity of the arbitration agreement is to be decided in mediation and arbitration. Thus, the Court will not decide if CCM has complied with the appeals process in the Guidelines or if it has waived its right to mediation and arbitration as those are questions of procedural arbitrability.

CCM also argues that the Court should dismiss the case because the Guidelines include a waiver of the right to file a lawsuit against CCM. "A release is an affirmative defense under Fed.R.Civ.P. 8(c)(1). Dismissing a case on the basis of an affirmative defense is properly done under Rule 12(c), not Rule 12(b)(6)." *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 975 (7th Cir. 2013). CCM has brought the present motion under Rule 12(b) and the FAA, not Rule 12(c). Because a motion to compel arbitration is decided under the summary judgment standard, the Court may consider an affirmative defense external to the complaint. However, the Court has analyzed this motion as one to compel

4

arbitration under the FAA. The affirmative defense of waiver might be grounds for dismissal on a Rule 12(c) motion, but the FAA authorizes the Court to stay proceedings in favor of arbitration, not dismiss them altogether. *See* 9 U.S.C. § 3. Therefore, the waiver provides persuasive evidence in favor of enforcing the arbitration agreement, but the Court will not dismiss the case on that basis.

Finally, CCM seeks to recover attorneys' fees from the Daniels for the costs of this litigation. Any attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay opposing counsel's attorneys' fees. 28 U.S.C. § 1927. Courts may impose sanctions under 28 U.S.C. § 1927 "when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice [or] pursued a claim that is without a plausible legal or factual basis and lacking in justification." *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (internal citations and quotation marks omitted). For example, in *Jolly Group*, the Seventh Circuit affirmed sanctions against an attorney who filed a motion for reconsideration and for leave to file a second amended complaint after the district court dismissed the first amended complaint with prejudice. *Id.* at 719. Here, CCM points only to the Daniels' initial complaint as a basis for sanctions. However, merely filing their complaint is not evidence of multiplying the proceedings "unreasonably and vexatiously." Plaintiffs' counsel's arguments may not have won the day, but they are not objectively unreasonable and do not justify the award of attorneys' fees to CCM's counsel.

### III.  CONCLUSION

For these reasons, Defendant CCM's motion (Doc. 9) is **GRANTED in part** and

5

**DENIED in part**. The parties are **ORDERED** to proceed with mediation and arbitration in accordance with the Guidelines and pursuant to 9 U.S.C. § 4. It is further **ORDERED** that this matter is **STAYED** pursuant to 9 U.S.C. § 3. The parties shall file a joint status report regarding mediation and arbitration **by the first day of every third month beginning on December 1, 2021**. The motion (Doc. 9) is **DENIED** as it pertains to an award of attorneys' fees. The motion for leave to file a substitute exhibit (Doc. 22) is **MOOT**.

    **SO ORDERED.**

    Dated: September 20, 2021

_____
DAVID W. DUGAN
United States District Judge